STATE, T. L. PARKHURST, PROSECUTOR, v. I. W. VAN DER-
VEER, CLERK OF ESSEX PLEAS, ET AL.

1. Notice of application for the appointment of surveyors of the highways to alter a public road must show in what township the road proposed to be altered lies.

2. The act of March 27th, 1874, (*Rev., p.* 1019,) as amended by the act of March 4th, 1880, (*Pamph. L, p.* 110,) does not authorize a change in the width of a public road.

---

On *certiorari.* In matter of road.

Argued at November Term, 1885, before Justices VAN SYCKEL and DIXON.

For the plaintiff, *Blake & Freeman.*

Parkhurst v. Vanderveer.

The opinion of the court was delivered by

VAN SYCKEL, J. The certified proceedings were had under the law of March 27th, 1874, (*Rev., p.* 1019,) as amended by the act of March 4th, 1880, *Pamph. L., p.* 110.

The first reason assigned for reversal is that it does not appear, either by the application or the notice thereof, in what township the road proposed to be altered lies. This omission is fatal. *State* v. *Allen,* 6 *Halst.* 103.

It is essential to the validity of the application that all may know where the proposed road is to be located.

The preamble of the act of 1874 recites that "whereas changes in public roads are frequently desirable and necessary to accommodate public and private interests, by vacating short pieces of such roads and relaying them in other places; therefore, be it enacted that when ten or more freeholders shall think any alteration of any public road necessary by having a portion of such road vacated, and said road changed by relaying it in another place," &c., application may be made as in said act is prescribed.

In this case the only alteration proposed to be made in the existing road is a change in its width from sixty-six to fifty feet. The beginning and ending points and the centre line are identical in the road vacated and that laid out.

This legislation authorizes only the vacation of a portion of a public road and relaying it in another place. The straightening of a highway is included within this power, because it requires the taking of additional land, and thus the road is relaid in another place—the location is changed.

But a mere change in the width of the road does not constitute the relaying of it in another place.

The language used excludes the idea that the act was to be invoked for the purpose of destroying uniformity in the width of existing roads; otherwise every six hundred yards of their length might be made of different width.

If, however, the scheme is within the provisions of the act, the notice of application is defective.

The act requires that the notice shall contain a description of the portion of the road proposed to be vacated, and a general description of the road proposed to be laid out in lieu of the one so vacated.

The only alteration made by the surveyors was the reduction in the width of the road.

The notice gave no intimation of such a change, and contained nothing which could have brought to the attention of land-owners the object which the applicants had in view.

The judgment of the court below is conclusive as to the setting up of advertisements, but not as to the sufficiency of the advertisements themselves ; this court will look into their contents, to see that they give notice of what is intended to be done.    There must be a reversal.